## THE PEOPLE *v.* MARSHALL YOUNG

TESTIMONY OF GRAND JURORS.—An indictment for perjury, alleged to have been committed in giving evidence before a grand jury, is not found on illegal testimony because the grand jurors before whom the evidence was given testify as to the alleged perjury before the grand jury by which the indictment is found, without having been required to do so by a judicial order.

OBLIGATION OF SECRECY ON GRAND JURORS.—The obligation of secrecy imposed on grand jurors is due and owing to the public, and not to the witnesses who testify before them; and such witnesses cannot take advantage of this obligation in a criminal prosecution against them.

ORDER SETTING ASIDE INDICTMENT.—An order setting aside an indictment is an appealable order.

IDEM.—An order setting aside an indictment is not an interlocutory order.

APPEAL from the County Court, Santa Clara County.

The people appealed from the order setting aside the indictment.

The other facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for the People.

*Archer, Ryland & Williams,* for Respondent.

By the Court, SHAFTER, J.:

Indictment for perjury. The indictment was set aside on the defendant's motion, on the ground that it was found on illegal testimony. It appeared that the members of a former grand jury, before which the perjury was alleged to have been committed, testified before the grand jury by which the indictment was found as to the evidence given by the defendant before the grand jury first named.

I. It is not necessary to determine whether it was strictly competent for the members of the grand jury before which the perjury was alleged to have been committed, to testify as to what the defendant swore to on that occasion, without having been required so to do by judicial order, under the two hundred and eighteenth section of the Criminal Practice Act. If the witnesses violated the obligation of secrecy imposed upon them by the two hundred and seventeenth section, the defendant could not take advantage of it. The obligation is due and owing to the public, and not to the witness, and therefore its violation cannot be an occasion of offense to him. The point was fully considered in *State* v. *Broughton*, 7 Iredell, 101, and the Court say: "It seems to us that the witness has no privilege to have his testimony treated as a confidential communication, but that he ought to be considered as deposing, under all the obligations of an oath, in a judicial proceeding, and therefore that the oath of the grand jurors is no moral or legal impediment to his solemn examination, under the direction of a Court, as to the evidence before him, whenever it becomes material for the administration of justice. The Judges have not considered the rule as designed for the protection of witnesses, but for that of the grand jurors, and in furtherance of public justice." Under our system, it cannot be considered that the rule of secrecy has any reference to the protection of witnesses testifying before grand juries, in view of the fact that the names of all such witnesses are required to be inserted at the foot of the indictment, or indorsed thereon, before it is presented to the Court.

II. The order is appealable, for it has all the characteristics required by the four hundred and eighty-first section of the Criminal Practice Act. · The order affected a substantial right, and was made in a case amounting to felony. The order cannot be regarded as interlocutory, for it put an end to the particular proceeding.

Order reversed and cause remanded.